MR. JUSTICE SHEEHY
concurring specially:
I concur in the result foregoing.
I want to point out that any person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to a chemical test of his blood if arrested by a peace officer for driving while under the influence of intoxicating liquor. Section 61-8-402(1), MCA. A person who is unconscious or who is otherwise in a condition rendering him incapable of refusal, is deemed not to have withdrawn his consent. Section 61-8-402(2), MCA. Campbell’s implied consent to the blood test is not considered withdrawn here because Campbell fits within the narrow exceptions set forth in Mangels, supra, that an arrest is not necessary where a person qualifies as an unconscious or incapable person under section 61-8-402(2), MCA.
I want my position regarding the second issue, the District Court’s jurisdiction of the offense of driving while under the influence of alcohol, to be clear.
*126 In section 61-8-401, MCA, it is provided that driving under the influence is unlawful and punishable as provided in section 61-8-714(1), MCA.
Section 61-8-714(1), MCA provides that a first conviction of driving while intoxicated shall be punished by a fine of not less than $ 100 or more than $500. On a second conviction, the driver is punished by a fine of not less than $300 or more than $500 to which may be added in the discretion of the court imprisonment for 30 days. On a third or subsequent conviction, the driver is punished by imprisonment of not less than 30 days or more than 1 year, to which may be added in the court’s discretion, a fine of not less than $500 or more than $1,000.
The difference in the penalties for the successive convictions becomes important when one considers whether the jurisdiction of the District Court or the justice court applies.
Under section 3-5-302(1), MCA, the District Court is given original jurisdiction in all felony criminal cases and “all cases of misdemeanor not otherwise provided for.” The justice court, on the other hand, is given criminal jurisdiction of all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding 6 months or both. Section 3-10-303(1), MCA.
From the statutes, therefore, District Courts have no jurisdiction of a misdemeanor involving a first conviction or a second conviction of driving while intoxicated. On the other hand, the District Court would have exclusive criminal jurisdiction of driving while intoxicated charges involving 3 or more convictions. Since Campbell was charged with a sixth offense of driving while intoxicated, the District Court had exclusive jurisdiction of this count.
MR. JUSTICE SHEA dissents.